STATE *v.* AUSTIN *et al.*

(In Banc. Nov. 26, 1945.)

[23 So. (2d) 919. No. 35950.]

Greek L. Rice, Attorney General, by **W. B. Fontaine**, Assistant Attorney General, for appellant.

**Hannah, Simrall & Foote**, of Hattiesburg, for appellees.

Argued orally by **W. B. Fontaine**, for appellant, and by **James R. Simrall, Jr.**, for appellee.

Smith, C. J., delivered the opinion of the court.

Mrs. Ruth S. Austin filed with the State Land Commissioner six separate sheets of paper bradded together, each containing an application for a separate and distinct parcel of land that had been forfeited to the state for taxes, on six forms furnished by the Land Commissioner therefor, each of which applied only to one of the six parcels of land. Only one affidavit, required by Section 4079, Code 1942, for the purchase of such land, was made by Mrs. Austin and that affidavit was at the bottom of the application that was bradded on the top of the others. The application covering the land here involved was bradded third from the top. Some one in the Land Commissioner's office, whose name and position do not appear, advised Mrs. Austin that this affidavit would cover all of the applications. Separate patents were issued to her for each parcel of this land. The appellees, who inherited whatever interest Mrs. Austin, now deceased, had in this land, filed an original bill of complaint praying for the confirmation of their title to that parcel of this land set forth in the application that was bradded

third from the top of those hereinbefore set forth. The appellant filed an answer and cross-bill setting up the manner in which these applications were filed and praying for a decree against the appellees canceling their title to that parcel of land here involved.

The court below dismissed the appellant's cross-bill and granted the relief prayed for by the appellees.

The appellees' contention is that these six sheets of paper constitute one application for the purchase of land and that her affidavit on one of the pages thereof covers all the land. Assuming, but only for the purpose of the argument, that Section 4079, Code 1942, permits these six separate parcels of land to be included in one application for the purchase thereof, the affidavit thereto should cover the information required to be given by the applicant as to all of the land. The affidavit here covers one parcel of the land, but there is nothing in the affidavit, nor elsewhere in any of the six pages bradded together, to indicate that the affidavit to the first of these pages was intended to cover all of them. The erroneous advice given Mrs. Austin by some one in the Land Commissioner's office did not dispense with the compliance by her with the plain provisions of the statute.

The decree of the court below will be reversed and a decree will be rendered here in accordance with the prayer of appellant's cross-bill.

So ordered.